JAMIE V. RETMIER, ESQ., SBN: 308060
**SCRANTON LAW FIRM**
*A Professional Corporation*
2450 Stanwell Drive
Concord, CA 94520
Telephone: (925) 602-2727
Facsimile: (925) 676-9999
Email: jamier@scrantonlawfirm.com

Attorneys for Plaintiff
DEAN PESAK

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN PESAK,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES MARSHALS SERVICE; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 8:26-cv-00763<br><br>**COMPLAINT FOR DAMAGES**<br>(28 U.S.C. § 2674) |

COMES NOW Plaintiff DEAN PESAK (hereinafter "Plaintiff") for causes of action against Defendants, and each of them, asserts as follows:

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act. The acts complained of herein occurred in the County of Orange, State of California, which is within this judicial district. Title 28 U.S.C. § 1391(b)(2), (e)(1) confers venue upon this Court.

## PARTIES

2. Plaintiff Dean Pesak is a competent adult, a resident of the State of California, and a citizen of the United States.

3. Defendant UNITED STATES MARSHALS SERVICE (hereinafter "Defendant USMS") is a Federal law enforcement agency in the United States.

4. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 to 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission. Plaintiff will ask for leave to amend this Complaint subject to further discovery.

5. Whenever this Complaint makes reference to "Defendants" or "Defendants, and each of them," such allegations shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely presented his claim under the Federal Tort Claims Act by submitting an executed Standard Form 95 to the United States Marshals Service on June 18, 2025. Pursuant to 45 C.F.R. § 35.4(b), Plaintiff included a copy of the incident report, photographs of his injuries, medical records, and medical bills in support of his claim. A true and correct copy of the claim form is attached herein as Exhibit 1.

7. On August 12, 2025, Plaintiff received a letter from the United States Marshals Service Office of General Counsel acknowledging that Plaintiff's claim was received on June 18, 2025. A true and correct copy of the acknowledgement letter is attached herein as Exhibit 2.

8. The United States Marshals Service denied Plaintiff's claim on December 29, 2025. A true and correct copy of the denial letter is attached herein as Exhibit 3.

## FACTUAL ALLEGATIONS

9. On or about June 23, 2024, a United States Marshals Service Canine named Joker Bass (hereinafter "K9") was brought by his K9 Handler to Animal Friends Pet Hotel & Grooming (hereinafter "Pet Hotel") located at 13220 S Euclid Street in Garden Grove, California. The K9 was a 2 ½ year old male Dutch Sheperd that was going to be staying at the Pet Hotel until July 3, 2024.

10. On June 28, 2024, Plaintiff was working at the Pet Hotel and went to clean the suite that the K9 was staying in. Plaintiff opened the door of the suite and put a leash on the K9, but the K9 became excited and began tugging on the leash. The K9

then turned and jumped up, placing his front paws onto Plaintiff's chest and started nibbling at him. Plaintiff was able to get the K9 to lay down, so that he could continue cleaning the suite. Suddenly and without provocation, the K9 jumped up again and bit down on Plaintiff's left arm. Plaintiff attempted to get the K9 to let go of his arm but was unable to do so and the K9 continued to attack him for approximately 3 to 5 minutes. Thankfully, Plaintiff was able to use his cellphone to call his manager who secured the K9 and called 911 for medical attention.

11. EMS arrived at the scene and Plaintiff was transported by ambulance to UCI medical Center for emergency medical treatment. He sustained large lacerations to his left hand and arm which required multiple stitches. Plaintiff was only 25 years old at the time of the incident, and the attack resulted in nerve damage in his left hand and permanent scars on his left wrist and hand.

12. In addition to the severe physical injuries Plaintiff sustained, he also suffers from significant anxiety and emotional and mental trauma as a direct result of the unprovoked and violent K9 attack.

## FIRST CAUSE OF ACTION

### (TORT LIABILITY UNDER 28 U.S.C. § 2674)

***(Plaintiff Against All Defendants)***

13. Plaintiff hereby refers to and incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

14. Title 28 U.S.C. § 2674 provides in pertinent part: “The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances…”.

15. In the State of California, a private individual is held strictly liable under Civil Code § 3342 for the injuries and damages suffered by Plaintiff. This statute provides:

> “The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner’s knowledge of such viciousness. A person is lawfully upon the private property of such owner within the meaning of this section when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws of postal regulations of the United States, or when he is on such property upon the invitation, express or implied, of the owner.”.

16. At all times referenced in this Complaint, Defendants, and each of them, were the owners of the K9 who bit and injured Plaintiff while he was lawfully in a private place in the State of California.

17. Defendants, and each of them, are therefore strictly liable to Plaintiff to the same extent as a private individual for the injuries and subsequent damages he incurred as a result of the K9 attack.

## DEMAND FOR JURY TRIAL

18. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants, and each of them, and in his favor, as follows:

1. All compensatory economic and non-economic damages according to proof;
2. All other damages, penalties, costs, interest, and attorney fees allowed by 28 U.S.C. § 2678;
3. Costs of suit; and
4. Such other and further relief as the Court may deem appropriate.

Dated: March 30, 2026

**SCRANTON LAW FIRM**
*A Professional Corporation*

JAMIE V. RETMIER, ESQ.
Attorney for Plaintiff
DEAN PESAK